HYMAN *v.* KADROVACH.

1. JUSTICES OF THE PEACE—APPEAL—AMENDMENT—AFFIDAVIT.
   If the affidavit which is required in case of an appeal from justice's court is lost or mislaid, the circuit court may permit another one to be filed upon a sufficient showing that the affidavit was in fact filed. 1 Comp. Laws, § 10276 (5 How. Stat. [2d Ed.] § 12977).

2. SAME—BOND—AMENDMENT.
   The court also has authority to permit the appellant to

amend the bond given on appeal so as to comply with the statute as to justification by the surety.  1 Comp. Laws, § 922 (5 How. Stat. [2d Ed.] § 12368).

Error to Leelanau; Mayne, J.  Submitted November 13, 1913.  (Docket No. 113.)  Decided June 1, 1914.

Case in justice's court by Herman Hyman against Joseph Kadrovach.  From a judgment for defendant, plaintiff appealed to the circuit court.  Judgment for plaintiff.  Defendant brings error.  Affirmed.

*John W. Patchin,* for appellant.

*Fred H. Pratt,* for appellee.

BIRD, J.  This litigation was begun in justice's court.  The defendant was there given a judgment on the 29th day of July, 1910.  On August 2d following the plaintiff appealed the case to the circuit court.  At the outset of the trial in the circuit court defendant's counsel moved to dismiss the appeal for the reasons:

(1) That no affidavit for appeal was on file in the circuit court.
(2) That the surety on the appeal bond had failed to justify his pecuniary responsibility in writing and under oath.

These objections being called to the attention of the trial court, recourse was had to the files of the case, and after an examination of them the reasons assigned appeared to be well taken; whereupon plaintiff's attorney asked for and received permission to remedy the omissions on condition that he should make a showing on oath that an affidavit was filed with the justice.  The court then ordered the trial to proceed, suggesting that the amendment of the record might be perfected later.  During the trial the motion to dismiss was renewed, but was overruled, and the corrections were not actually made until after verdict.  Following the verdict, and on the same day, a showing

was made, a new affidavit filed, and a justification by the surety was indorsed on the bond.

It is now argued by defendant that the action of the trial court in permitting the trial to proceed to verdict without an affidavit for appeal on file was error, for the reason that, without such affidavit, the court was without jurisdiction.

In the return of the justice the following recital is made:

"And I do further return that the affidavit and bond herewith returned were delivered to me on the 2d day of August, 1910, instant," etc.

From this return and the affidavit of plaintiff that he filed an affidavit on the 2d of August, it sufficiently appears that an affidavit for appeal was filed. If it were mislaid or lost, it was within the power of the trial court to permit another one to be filed. The amendment appears to have been permitted under the authority of section 924, 1 Comp. Laws (5 How. Stat. [2d Ed.] § 12370), which provides that no appeal shall be dismissed upon the ground of a defective affidavit, if appellant shall file one which shall meet the requirements of the statute.

This section is not applicable. The objection made was, not that the affidavit *was defective,* but that there was *no* affidavit. The situation disclosed by the record is that the affidavit was made and filed with the justice and returned by him to the circuit court and subsequently became mislaid or lost. The statute with reference to the restoration of lost records would be applicable thereto (section 10276 *et seq.* [5 How. Stat. (2d Ed.) § 12977]), and we think the showing made by plaintiff was sufficient under this statute to justify the order made by the court.

In permitting the appeal bond to be amended so as to comply with the statute, the court was well within his authority. 1 Comp. Laws, § 922 (5 How. Stat.

[2d Ed.] § 12368). This statute was passed to meet just such a situation. The defendant raises no questions other than those affecting the appeal.

As we find no error in those assignments, the judgment will be affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.